R. E. EDWARDS *v.* WM. GRAVES, &c.

Mortgages—Priority—Lien of Heirs in Estate—Estates.

A mortgagee can acquire no greater right by his mortgage and fore-
closure than the mortgagor had, and a sale under the mortgage will not
affect the right of distributees to a recovery out of the land of over plus
paid to the mortgagor through a mistake of the commissioner, as his
distributable portion.

Same.

The purchaser at the mortgage sale acquired no title, legal or equitable,
as would deprive the distributees of their right to enforce against the
mortgaged property their judgment obtained to recover back the overplus
paid the mortgagor by the mistake of the commissioner.

Same—Lis Pendens.

The doctrine of lis pendens would not apply in favor of the mortgagee,
as he could claim no greater title than the mortgagor had.

APPEAL FROM TAYLOR CIRCUIT COURT.

January 12, 1872.

OPINION OF THE COURT BY JUDGE PRYOR:

The petition in equity instituted by the children of F. Graves,
deceased, against his administrator was pending in the Taylor
circuit court at the time of the purchase by the appellant Edwards,
of the land in Green county sold under the judgment in favor of
Naylewood against L. C. Graves.

The object of the suit in Taylor county was for a settlement
of the estate of F. Graham, deceased, and a division and distri-
bution of his whole estate including lands and personalty between
his children.

This suit was instituted in June, 1862, and was prosecuted
with as much diligence as usually pertains to the conduct of such
causes. It seems that the heirs of Graves all agreed in writing
that their three uncles should divide their estate between them,
and in making the division they were all to be made equal, the

one with the other, as advancement had been made to some of the children by their father.

In the division, the land was allotted to I. C. Graves and L. N. Graves and their two sons by reason of their taking the land because largely indebted to the other children. I. C. Graves failing to pay the amount he was required to pay under the division made by the uncles and the suit still pending for the settlement of the estate, in the hands of the administrator, the case was referred to a commissioner to ascertain and report the amount that would be due by I. C. Graves in the final distribution between the children. The commissioner reported the indebtedness of I. C. Graves at $516.54 cents and upon his failure to pay the same a judgment was rendered directing the commissioner to sell the land allotted him, to pay the same. A part of the land was sold and the appellant, Edwards, became the purchaser, and the report of sale was confirmed.

I. C. Graves had mortgaged a part of this land allotted him in the division to one Alfred Naylewood—this tract contained three hundred acres and was located in the county of Green. Naylewood filed his petition to foreclose this mortgage and obtained a judgment. This tract of land was sold, and the appellant became the purchaser. The heirs of Graves were not parties to the suit of Naylewood.

After the purchase of this land by the appellant, Edwards, the children of Mrs. Gains, who was a child of F. Graves, deceased, having died during the pendency of the suit for the settlement of the estate were made parties to the action, and by their guardian ad litem, filed an answer and cross petition, in which they allege a mistake in the settlement of the estate of their grandfather, by which I. C. Graves is charged with about three hundred and fifty-eight dollars less than he should have been charged by the commissioner in his report. They also file an amended or supplemental petition, in which is united the other heirs as plaintiffs, making the appellant, Edwards, a party, alleging that he has purchased the land and claiming that they have a lien upon it for the amount yet unpaid by I. C. Graves and found due by him upon the commissioner's report, to whom was referred the settlement of the accounts to see if a mistake had been made by the former commissioner. The mistake as reported and which appears from the record is $358.32—a judgment was rendered by the court below in favor of the children

of Graves, subjecting the land bought by Edwards to the payment of this debt and of which he is now complaining.

The purchase by the appellant of the land in Green county under the decretal sale passed no such title, legal or equitable to him, as would deprive the appellees of the right to enforce their judgment by selling it; they were no parties to the suit brought by Naylewood against I. C. Graves and were not estopped by that judgment from asserting their claim against this land. The original suit for a settlement and division of the estate had been pending for three or four years and perhaps longer in the county of Taylor. I. C. Graves had obtained in land his full part of the estate, with the incumbrance upon it, of the money he was owing the other children to make them equal with him by reason of his having been allotted this land. They had a lien upon it for this amount until it was fully satisfied, or a conveyance by them releasing it. A lien is required by the statute to be retained in the deed when the legal title passes, but in this case the legal title had never passed out of their children and is still in them so far as this record shows. The chancellor will not divest them of this title unless their debt is paid. They have not only an equity equal to the appellant but have the legal title itself.

The doctrine of *lis pendens,* or the law applicable to liens, can not be made to apply to this case, for the reason that the mortgage of the land in Green acquired no greater or better title than the mortgager had. The mortgager, I. C. Graves, was not vested with the legal title to the land; he had no right to demand this title until he had paid for the land. The suit pending in Taylor had never progressed to a final termination. It is true that an order made in the case shows that the case is stricken from the docket, but the very next day after the order was made, the amended and cross petition of the infants is filed and the case has progressed as if the order had never been made.

If the case had never been filed away, the chancellor would not have compelled these appellees upon a petition for a new trial in the nature of a bill of review, showing the mistake of the parties and the commissioner in making the settlement, to have parted with the legal title without having their money paid them. It appears that some of the appellees and particularly the children of Mrs. Gains, have been fully paid, but this judgment

on the supplemental petition is nevertheless proper—the only error is that I. C. Graves was not required to pay the money directly to the party entitled to recover it. Some of the children have received more money than they were entitled to and those paying it are seeking to recover it back, and I. C. Graves having received more than his proportion must be required to refund also. Neither Graves nor his vendee, Edwards, can complain in this case.

Judgment affirmed.

*Chelf, for appellant.*
*W. Howell, for appellees.*